**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **STEPHEN OWENS,** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | |
| **v.** | : | **NO. 26-CV-4278** |
| | : | |
| **CITY OF PHILADELPHIA, *et al.*,** | : | |
| *Defendants* | : | |

**ORDER**

**AND NOW**, this 8th day of September 2026, upon consideration of Plaintiff Stephen Owens's Second Amended Complaint (ECF No. 13), which avers claims pursuant to 42 U.S.C. § 1983, challenging conditions in which Owens was previously incarcerated at the Curran-Fromhold Correctional Facility,[1] and which replaces all prior complaints as the governing pleading in this case, it is hereby **ORDERED** that:

1. Owens's request for declaratory relief (Compl. at 13) is **DISMISSED,** with prejudice, as legally baseless, *see* 28 U.S.C. § 1915(e)(2)(B)(i), because declaratory relief is unavailable for past conduct. *See, e.g.*, *Bond v. DiClaudio*, No. 22-3010, 2023 WL 1990532, at *1 (3d Cir. Feb. 14, 2023) (*per curiam*) ("The District Court also properly concluded that the declaratory relief that Bond requested, for conduct that occurred in the past, is not available.").

2. All claims against the Philadelphia Department of Prisons and the Curran-Fromhold Correctional Facility are **DISMISSED**, with prejudice, as legally baseless, *see* 28 U.S.C. § 1915(e)(2)(B)(i), because these entities are not "persons" for purposes of § 1983 and are not separately suable entities from the City of Philadelphia. *See* 53 Pa. Cons. Stat. Ann. § 16257; *Miller v. Curran-Fromhold Corr. Facility*, No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug.

[1] Owens has since been transferred to the Riverside Correctional Facility.

13, 2014) (citing *Mitchell v. Chester Cnty. Farms Prison*, 426 F. Supp. 271, 274 (E.D. Pa. 1976)); *Burgos v. Philadelphia Prison System*, 760 F. Supp. 2d 502, 503 n.1 (E.D. Pa. 2011).

3. The Clerk of Court is **DIRECTED** to **TERMINATE** the following Defendants: (a) Philadelphia Department of Prisons; (b) the Curran-Fromhold Correctional Facility; (c) John and Jane Doe #1, *Deputy Commisioner of Prisons*; (d) John or Jane Doe #2, *Warden of Curran Fromhold Correctional Facility*; and (e) John or Jane Doe #3, *Deputy Warden for Administration of Curran Fromhold Correctional Facility*.

4. The Clerk of Court is **DIRECTED** to **ADD** the following Defendants consistent with the caption of the Second Amended Complaint: (a) Xavier Beaufort*, Deputy Commissioner*; (b) John or Jane Doe #1, *Warden*; (c) John or Jane Doe #2, *Deputy Warden*; (d) Yahnee Miller, *Grievance Officer*; (e) Flippin, *Correctional Lieutenant*; (f) Jones, *Correctional officer*; (g) Sutton, *Correctional Officer*; and (h) Jane Doe # 3, *Correctional Officer*.

5. The case shall proceed at this time to service by the U.S. Marshal Service, in accordance with 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3), against the following Defendants:

a. The City of Philadlephia

b. Michael R. Resnick, *Commissioner of Prisons*

c. Xavier Beaufort*, Deputy Commissioner*;

d. Yahnee Miller, *Grievance Officer*;

e. Flippin, *Correctional Lieutenant*;

f. Jones, *Correctional officer*;

g. Sutton, *Correctional Officer*

6. Service cannot be made on the three unidentified John and Jane Doe Defendants unless or until Owens provides sufficient identifying information to allow for service. It is

Owens's responsibility to notify the Court of the Defendant(s) identities if/when that information is obtained.

7. In anticipation of service by the U.S. Marshal Service, the Clerk of Court is **DIRECTED** to send a copy of this Order to Owens together with one copy of the U.S. Marshal Service of Process Receipt and Return Form USM-285 ("USM-285 Form") for each Defendant listed in paragraph five (5) of this Order. The Clerk of Court is further **DIRECTED** to note the mailing on the docket.

8. To proceed with service, Owens must complete a USM-285 Form for each Defendant listed in paragraph five (5) and return the completed form(s) to the Clerk's Office within **twenty-one (21) days** of the date of this Order. Service cannot be made by the U.S. Marshal Service until Owens completes and returns these forms.

9. In completing the USM-285 Form(s), Owens is instructed as follows:

a. Owens should complete a separate USM-285 Form for each Defendant listed in paragraph five (5) of this Order. Only one Defendant's name should appear on each USM-285 Form.

b. Owens shall not complete a USM-285 Form for any individual or entity that is not listed as a Defendant in paragraph five (5) of this Order, including but not limited to any Defendant who already has been dismissed from this case.

c. Owens should include as much identifying information as possible for each Defendant, including the Defendant's first name, last name, and, where relevant, the Defendant's badge number.

d. Owens must provide each Defendant's complete address at a location where that Defendant can be served. The U.S. Marshals Service cannot serve a Defendant at a P.O. Box address.

e. Owens must sign the USM-285 Form(s) on the signature block marked "Signature of Attorney other Originator requesting service on behalf of: PLAINTIFF", and provide a telephone number and the date where indicated.

f. Failure to include a proper address may result in the Defendant not being served and/or the dismissal of Owens's claims against any such Defendant.

10. Owens is cautioned that failure to return the completed USM-285 Form(s) in accordance with the above instructions may result in dismissal of this case for failure to prosecute without further notice from the Court.

11. The Clerk of Court is **DIRECTED** to docket any USM-285 Forms that Owens returns in this case.

12. The Clerk of Court is **DIRECTED** not to issue summonses at this time. The Court will direct issuance of summonses upon receipt of properly completed USM-285 Forms.

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*